## CITY OF PADUCAH *v.* NATHAN KAHN.

**Taxes, Lien of—Pleading.**

> The levy by city tax collector creates a lien on all the property levied upon for the whole amount of taxes due from the delinquent.

**Levy.**

> While purchasers of real estate from persons owing taxes pursuant to the charter, § 12, art. 5, are liable only for the taxes upon the property purchased, those who purchase after levy made are liable for all the taxes due from the delinquent owner at the time of levy.

**Pleading.**

> It is not necessary to plead an amendment to the charter, for the court is bound to take notice of it without any pleading.

APPEAL FROM McCRACKEN CIRCUIT COURT.

September 8, 1874.

OPINION BY JUDGE COFER:

The levy made by the city tax collector on the lots, created a lien for the whole amount of taxes due from Mrs. Brown. The first proviso in sec. 12, art. 5, of the charter, that purchasers of property from persons owing taxes shall be liable only for the taxes upon the property purchased, does not apply to this case, but only to the lien which existed by reason of the assessment of the taxes. If no levy had been made, the appellee would not have been liable for more than the taxes upon the lots; but under the levy a lien existed for the whole amount due from the then owner. The sale, though void, did not discharge the levy.

We perceive no error in refusing to allow appellant to file an amended petition setting up the amendment to the charter. The court was bound to take notice of it, if applicable to the case, and there was no necessity for pleading it. The presumption is that Mrs. Brown had no personal property in the city, or it would have been levied on as it was the duty of the collector to do; and this presumption is strengthened by the failure to prove the fact upon an issue directly and distinctly made on that point. But the court erred in

refusing to render. judgment against the property for the whole amount of taxes due; and for that error alone the judgment is *reversed,* and the cause remanded for judgment as herein indicated.

*Yeiser, for appellant.*
*Marshall & Bloomfield, for appellee.*